# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50972
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELVIN NAVARRO-NAVARRO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-30

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Elvin Navarro-Navarro (Navarro) appeals the within-guidelines, 46-month prison sentence imposed following his guilty plea conviction for illegal reentry into the United States. He contends that his sentence is substantively unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

We review preserved challenges to the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50972

(2007).  Unpreserved challenges are reviewed for plain error.  *United States v. Peltier*, 505 F.3d 389, 390-92 (5th Cir. 2007).  We do not resolve whether Navarro preserved his instant arguments for appeal because, even if his arguments were preserved, he has shown no error, plain or otherwise.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Before imposing a within-guidelines sentence, the district court considered Navarro's mitigating arguments, the Government's counterarguments, the advisory guidelines range, and the § 3553(a) factors, including Navarro's history and characteristics.  Navarro has failed to show that the district court did not consider a factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or made a clear error of judgment when it balanced the relevant factors.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  He thus has failed to rebut the presumption of reasonableness that we apply to his within-guidelines sentence.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

Furthermore, we have rejected substantive reasonableness challenges based on the alleged lack of seriousness of an illegal reentry offense.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).  We have also rejected the argument that U.S.S.G. § 2L1.2's double-counting of a prior conviction in the calculation of a defendant's offense level and criminal history score necessarily renders a sentence unreasonable.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  Finally, as Navarro concedes, his argument that the presumption of reasonableness should not be applied to his within-guidelines sentence is foreclosed.  *See id.* at 530-31; *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.